# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY,

### OCTOBER TERM, 1865.

---

IN THE MATTER OF THE ALLEGED LUNACY OF CURTIS
WHITE.

*A party prosecuting an inquisition of lunacy, in good faith, will not be condemned in the costs of resisting the commission.*

---

This case came before the court, upon a motion to decree the costs of resisting a commission of lunacy against the applicant; the jury having found the alleged lunatic to be of sound mind.

*Mr. W. H. Vredenburgh,* in support of the motion.

The inquisition returned in this case, shows that the jury of inquest summoned, charged, and sworn, to inquire whether Curtis White, above named, *was a lunatic,* found that the said Curtis White, at the time of taking said inquisition, *was not a lunatic, but was of sound mind.* And now, before a final decree is made by the court in said matter, this application is made by the said Curtis White, upon due

notice given, (and acknowledged by the solicitor of the applicant, as appears by notice on file,) for an order of this court, decreeing costs against said applicant, (both parties being now alive,) on the following grounds:

1. Costs are entirely in the discretion of the court, and are granted by the Chancellor, as the justice of the case may require. *Blake's Ch. Pr.* 199; 2 *Madd. Ch. Pr.* 415; *Jones* v. *Coxeter,* 2 *Atk.* 400; *Bennett College* v. *Carey,* 3 *Bro. Ch. R.* 390.

2. Costs follow the justice of the demand in equity, as well as at law. *Roberts* v. *Kuffin,* 2 *Atk.* 112; *Blackburn* v. *Gregson,* 1 *Bro. Ch. R.* 425.

3. If not allowed costs, said White suffers a loss and injury at the hands, and by the *process,* of the court, without any fault on his part. The jury of inquest having found that said White was of sound mind at the time of inquest, it is presumed that he was always of sound mind, and was so, of course, at the time of application for inquisition.

4. A rule not subjecting applicants to costs in such cases, would tend to encourage litigation, and lead to oppression and injustice.

*Mr. C. A. Bennett,* contra, contended that costs should not be decreed against the applicant, for the following reasons:

1. Though the said inquisition did not find the said Curtis White to be a lunatic at the time of the inquisition, the applicant showed by several witnesses that said Curtis White had not been of sound mind for over two years then past, and up to the time of his making the application, excepting a few lucid intervals; that the said Curtis White was called before the inquisition and examined, and from the intelligent manner in which he answered the questions (he being a man formerly of good and steady business habits, and of more than ordinary intelligence,) he was considered by them at that time to be of sound mind, at which time the applicant charges he was enjoying one of his lucid intervals, and said applicant charges that he made the application in

good faith, and for the best interests of Curtis White and his family, and by the repeated requests and consent of the wife of said Curtis White, and of all his children of sufficient age to know his situation; said applicant being one of his children.

2. The applicant has paid the whole of the costs taxed on his part, and other necessary expenses of the inquisition, which amounted to a large sum, and that the justice of the case does not require the court to make him pay the costs of the defendant.

3. The defendant, Curtis White, as shown on the inquisition, is a man of wealth, and is able to pay all costs which, in justice, he ought to pay.

4. In equity, the applicant has paid all the costs which, in justice, he ought to pay.

5. As to the third reason given by the solicitor of Curtis White, it is denied that he, Curtis White, "if not allowed costs, suffers loss and injury at the hands of the court, *without any fault of his*," because on the trial of the inquisition it was shown beyond doubt that he had acted in a very strange manner, and neglected his business, and neglected to take proper care of his family. And it is further denied " that because Curtis White was of sound mind at the time of the inquest, that he was always of sound mind, and was so, of course, at the time of making the application for inquisition." And it is charged that, at the time of making the application, the applicant verily believed, and proved by the affidavits of two respectable witnesses, that said Curtis White was not of sound mind, or capable of taking charge of his estate.

6. This was not a case of oppression, or intended as such, and the large amount of costs of the applicant in such cases, is sufficient to deter parties from vexatious litigation.

7. The finding of the inquisition in the above cause was filed on or about February eighth, eighteen hundred and sixty-five. The solicitor of Curtis White should have made his application for costs at the time of the filing with the

court the finding of the inquisition, or within a reasonable time after. If costs are to be allowed him at so late a day, it will tend to prolong and delay the settlement of suits, and will lead to vexatious and annoying questions between solicitors and clients, and opposing counsel, as to costs.

THE CHANCELLOR. The inquisition returned in this case, shows that the jury found that the said Curtis White, at the time of taking said inquisition, was not a lunatic, but was of sound mind. He now asks that the party at whose instance the inquisition issued, should be decreed to pay his costs in resisting the commission.

The commission issued on the application of a son of the alleged lunatic. It is not suggested that it was not made from proper motives, and prosecuted in good faith. The application for costs rests, exclusively, on the ground that the petitioner was unsuccessful in establishing the existence of lunacy at the time of taking the inquisition.

A person petitioning for, and prosecuting a commission of lunacy, is entitled to be repaid the costs he shall have properly so incurred. But if the party be found of sound mind, or the commission be superseded before a guardian is appointed, the prosecutor cannot be allowed his costs, however meritorious his conduct may have been, there being no fund out of which the Chancellor can direct them to be paid. 1 *Collinson on Lunatics* 461.

The proceeding being instituted for the benefit of the alleged lunatic, or his estate, the petitioner is, in justice, entitled to be repaid his costs reasonably incurred, whether the lunacy be established, or not. It is true that where the party is found of sound mind, the prosecutor cannot be allowed his costs, because there is no fund out of which they can be paid. But there is no reason for condemning him in costs, whatever may be the result of the proceeding, provided it was prosecuted in good faith.

So where the petition for a commission of lunacy is opposed, costs are allowed, in the discretion of the court, ac-

cording as the fairness of intention, and the reasonableness of either party's proceedings may appear. The court has gone so far as to order the nearest relations of a lunatic to pay the costs of an opposition to the petition of a mere stranger, where it appeared from their own statements, that a commission ought to issue. *In re Smith*, 1 *Russ.* 348; *Stock on Non Comp.* 97.

Where the commission is sued out maliciously, or without probable cause, the person prosecuting the commission may be ordered to pay costs. *Shelford on Lunatics* 105. But I find no instance in which costs have been given against a party prosecuting an inquisition in good faith, whatever may have been the result of the inquiry, nor am I aware of any principle upon which such an order could be based.

The motion must be denied.